# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**UNITED STATES OF AMERICA**

**VS.**                          CRIMINAL NO. 3:08-cr-148-WHB-JCS

**NICK WALTERS**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant, Nick Walters ("Walters"), to Dismiss Indictment, which is brought pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure. The Court, having considered the Motion, Response, Rebuttal, attachments to the pleadings, as well as supporting and opposing authorities, finds the Motion is not well taken and should be denied.

### I. Factual Background and Procedural History

Walters is a former officer/employee of the United States Department of Agriculture ("USDA"), having acted as the State Director of Rural Development for the State of Mississippi. On September 23, 2008, a federal grand jury returned a three count indictment against Walters. Count 1 of the Indictment charges Walters with having violated 18 U.S.C. § 207(a). Specifically, the Indictment charges that Walters:

> [W]ith the intent to influence, did knowingly converse with Rural Development, at a time when he was employed by Kidwell and Company acting on behalf of Natchez Regional Medical Center in connection with a community facilities loan, a particular matter involving a specific party, that is Natchez Regional Medical Center, in which the United States was a party, and that the United States has a direct and substantial interest, and in which [he] had participated personally and substantially as such officer and employee through the presentation of loan information and the rendering of advise [sic] in loan application procedures concerning United States Department of Agriculture community facility loans.

Indictment, Count 1. Count 2 of the Indictment, which charges Walters with violating 18 U.S.C. § 208, is based on allegations that he:

> unlawfully and knowingly did participate, personally and substantially as a Government officer and employee, through the rendering of advise [sic] in a particular matter, that is in an attempt to obtain Rural Development community facilities loans for the Natchez Regional Medical Center, in which, to [his] knowledge, he had a financial interest. That is [Walters] had an arrangement concerning prospective employment with Kidwell and Company who was representing the Natchez Regional Medical Center.

Indictment, Count Two. Finally, in Count Three, Walters is charged with having made material misrepresentations regarding his future employment in violation of 18 U.S.C. § 1001.

Walters has now moved for dismissal of the Indictment pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure.

## II. Discussion

Under Rule 12(b)(2) of the Federal Rules of Criminal Procedure, a defendant "may raise by pretrial motion any defense,

2

objection, or request that the court can determine without trial of the general issue." FED. R. CRIM. P. 12(b)(2).

**A. Count 1 – Violation of 18 U.S.C. § 207(a)**

Count 1 of the Indictment charges Walters with having violated 18 U.S.C. § 207. This statute provides, in relevant part:

> (a) Restrictions on all officers and employees of the executive branch and certain other agencies. –
>
> (1) Permanent restrictions on representation on particular matters. – Any person who is an officer or employee (including any special Government employee) of the executive branch of the United States (including any independent agency of the United States), or of the District of Columbia, and who, after the termination of his or her service or employment with the United States or the District of Columbia, knowingly makes, with the intent to influence, any communication to or appearance before any officer or employee of any department, agency, court, or court-martial of the United States or the District of Columbia, on behalf of any other person (except the United States or the District of Columbia) in connection with a particular matter –
>
> (A) in which the United States or the District of Columbia is a party or has a direct and substantial interest,
>
> (B) in which the person participated personally and substantially as such officer or employee, and
>
> (C) which involved a specific party or specific parties at the time of such participation,
>
> shall be punished as provided in section 216 of this title.
>
> (2) Two-year restrictions concerning particular matters under official responsibility. – Any person subject to the restrictions contained in paragraph (1) who, within 2 years after the termination of his or her service or employment with the United States or the District of

3

> Columbia, knowingly makes, with the intent to influence, any communication to or appearance before any officer or employee of any department, agency, court, or court-martial of the United States or the District of Columbia, on behalf of any other person (except the United States or the District of Columbia), in connection with a particular matter –
>
> (A) in which the United States or the District of Columbia is a party or has a direct and substantial interest,
>
> (B) which such person knows or reasonably should know was actually pending under his or her official responsibility as such officer or employee within a period of 1 year before the termination of his or her service or employment with the United States or the District of Columbia, and
>
> (C) which involved a specific party or specific parties at the time it was so pending,
>
> shall be punished as provided in section 216 of this title.

18 U.S.C. § 207(a)(1)&(2). The term "participated" for the purpose of 18 U.S.C. § 207(a)(1)&(2) means: "an action taken as an officer or employee through decision, approval, disapproval, recommendation, the rendering of advice, investigation, or other such action." 18 U.S.C. § 207(a)(i)(2). The phrase "particular matter": "includes any investigation, application, request for a ruling or determination, rulemaking, contract, controversy, claim, charge, accusation, arrest, or judicial or other proceeding." 18 U.S.C. § 207(a)(i)(3).

Walters first moves for dismissal of Count 1 on the grounds that no "particular matter" relating to Natchez Regional Medical Center ("NRMC") was pending before the USDA while he was employed

4

by that agency. Succinctly, Walters argues that because NRMC did not submit its application for a Rural Development loan until after he resigned his employment with the USDA, there does not exist a particular matter that would give rise to a violation of Section 207(a).

In response, the Government concedes that NRMC did not submit the subject loan application until after Walters resigned from the USDA. The Government, however, contends that a particular matter for the purpose of 18 U.S.C. § 207(a) nevertheless existed based on Walters's actions with respect to the loan process prior to his resignation. Specifically, the Government argues that prior to his resignation, Walters: (1) met with the NRMC Board of Trustees to discuss the community facility loans that were available through the USDA; (2) recommended a financial advisor to the NRMC, which was subsequently hired; (3) consulted with, and provided advice to, both NRMC and its financial adviser regarding the (a) requirements and application procedures for Rural Development loans, (b) availability of Rural Development funds, and (c) purchase of Mississippi Development Bank Bonds with Rural Development funds. The Government further contends that NRMC had formally resolved to submit an application for a Rural Development loan prior to Walters's resignation from the USDA, and that within two weeks of his resignation, Walters was contacting the Rural Development agency on behalf of NRMC regarding its loan application.

The Court finds, given the broad definition of the phrase "particular matter", that the allegations in the Indictment are sufficient to give rise to a violation of 18 U.S.C. § 207 as Walters purportedly provided recommendations and advice to NRMC regarding the submission of Rural Development loan applications prior to his resignation, and then "switched sides" by contacting the Rural Development agency on behalf of NRMC regarding its loan application after his resignation. Accordingly, the Court finds that Walters's Motion to Dismiss Count 1 of the Indictment on the grounds that a particular matter does not exist should be denied.

Walters also seeks dismissal of Count 1 on the grounds that the Indictment does not specify whether he is being charged under 18 U.S.C. § 207(a)(1) or under 18 U.S.C. § 207(a)(2). In response, the Government acknowledges that Walters is only charged with having violated 18 U.S.C. § 207(a)(1).

Having reviewed the Indictment, the Court finds that the language in Count 1 "contains the elements of the offense intended to be charged" and "sufficiently apprises [Walters] of what he must be prepared to meet" at trial. See Russell v. United States, 369 U.S. 749, 763 (1962). Additionally, the Court finds that Walters has failed to show that he has been unable to prepare a defense or otherwise prejudiced by the manner in which the subject statute was referenced in the Indictment. Finally, because the Court will only permit the Government to proceed as to the 18 U.S.C. § 207(a)(1)

6

violation at trial, there will be no danger of double jeopardy. Accordingly, the Court finds that Walters's Motion to Dismiss Count 1 of the Indictment on the grounds of constitutional vagueness should be denied.

**B.   Count 2 – Violation of 18 U.S.C. § 208**

Count 2 of the Indictment charges Walters with having violated 18 U.S.C. § 208.  This statute provides, in relevant part:

> (a) Except as permitted by subsection (b) hereof, whoever, being an officer or employee of the executive branch of the United States Government, or of any independent agency of the United States, a Federal Reserve bank director, officer, or employee, or an officer or employee of the District of Columbia, including a special Government employee, participates personally and substantially as a Government officer or employee, through decision, approval, disapproval, recommendation, the rendering of advice, investigation, or otherwise, in a judicial or other proceeding, application, request for a ruling or other determination, contract, claim, controversy, charge, accusation, arrest, or other particular matter in which, to his knowledge, he, his spouse, minor child, general partner, organization in which he is serving as officer, director, trustee, general partner or employee, or any person or organization with whom he is negotiating or has any arrangement concerning prospective employment, has a financial interest –
>
> Shall be subject to the penalties set forth in section 216 of this title.

18 U.S.C. § 208(a).  Walters has moved for the dismissal of Count 2 on the grounds that there did not exist a "particular matter", as defined by 18 U.S.C. § 208, involving NRMC that was pending before the USDA at the time he was employed by the agency.

7

For the reasons discussed *infra* at 5-6, the Court finds that the allegations in the Indictment are sufficient to establish a particular matter for the purpose of 18 U.S.C. § 208 and, therefore, that Walter's Motion to Dismiss Count 2 of the Indictment should be denied.

**Count 3 – Violation of 18 U.S.C. § 1001**

Count 3 of the Indictment charges Walters with having violated 18 U.S.C. § 1001. This statute provides, in relevant part:

> (a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully –
>
> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
>
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
>
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
>
> shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years.

18 U.S.C. § 1001(a). Walters has moved for dismissal of Count 3 on the grounds that he did not have an employment agreement with Kidwell & Company, but instead was working for that business entity

as an independent contractor, and because there existed no "particular matter" involving NRMC from which a material misrepresentation could arise.

The United States Court of Appeals for the Fifth Circuit has held that to establish a violation of 18 U.S.C. § 1001, the Government must prove the following five elements: "(1) a statement, that is (2) false (3) and material, (4) made with the requisite specific intent, [and] (5) within the purview of government agency jurisdiction." United States v. Shah, 44 F.3d 285, 289 (5th Cir. 1995)(citations omitted). Having reviewed the pleadings, the Court finds that the allegations in the Indictment are sufficient to plead a Section 1001 violation. As to whether Walters was an employee of Kidwell & Company versus an independent contractor, and thus whether Walters's statements regarding his future employment were false, is a determination to be made by the jury. Accordingly, the Court finds that Walters's Motion to Dismiss Count 3 of the Indictment should be denied.

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant to Dismiss Indictment [Docket No. 22] is hereby denied.

SO ORDERED this the 2nd day of July, 2009.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE